**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAD YAHIA TELLAT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25-cv-02013 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MODENA FREIGHT LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jad Yahia Tellat and Mohammed Tellat allegedly entered into agreements authorizing Defendants Modena Freight LLC and Sergio Gak to use several of Plaintiffs' commercial trucks for business use or sale. Plaintiffs brought this action after Defendants refused to remit proceeds from their use of the vehicles as promised and then abandoned the trucks. The now-operative Amended Complaint asserts claims against Defendants for breach of contract, conversion, civil theft, unjust enrichment, and negligence. Defendants have filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 41.) For the reasons that follow, Defendants' motion is granted in part and denied in part.

**BACKGROUND**

For the purposes of the motion to dismiss, the Court accepts all well-pleaded facts in the Amended Complaint as true and views those facts in the light most favorable to Plaintiffs as the non-moving parties. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Amended Complaint alleges as follows.

Plaintiffs are residents of Florida who own multiple commercial trucks. (Am. Compl. ¶ 8, Dkt. No. 83.) On June 19, 2024, Plaintiffs entered into Independent Contractor Agreements ("ICAs") with Modena Freight LLC and, its principal, Gak, pursuant to which Plaintiffs would

supply five trucks to Defendants for use in their freight business and Defendants would remit the earnings to Plaintiffs. (*Id.* ¶¶ 10–12.) Shortly thereafter, Plaintiffs entered into an oral agreement to provide Defendants with four additional trucks on the same terms as set forth in the ICAs. (*Id.* ¶ 12.) Plaintiffs subsequently delivered all nine trucks to Defendants, paying for transportation and shipping costs, maintenance and inspection costs, and legal fees related to the transfer process. (*Id.* ¶¶ 12–13.)

By the end of July 2024, Plaintiffs had performed all their obligations under the ICAs and oral agreements. (*Id.* ¶ 15.) But while Defendants immediately began using Plaintiffs' trucks to generate substantial revenue, they did not compensate Plaintiffs or provide any financial accounting, as required under the agreements. (*Id.* ¶ 16.) Beginning in October 2024, Plaintiffs made repeated requests to Defendants for payment and status reports on the trucks but received no response. (*Id.* ¶ 17.) By January 2025, Defendants had made only a single, partial payment of $2,700.56 to Plaintiffs. (*Id.* ¶ 18.)

After Plaintiffs' informal efforts to obtain an accounting and return of their trucks were unsuccessful, they sent Defendants a formal demand letter on January 27, 2025. (*Id.* ¶ 19.) Defendants responded to the demand letter by email on February 10, 2025, informing Plaintiffs that they had ceased using the trucks and had abandoned them at an unspecified third-party's yard. (*Id.* ¶ 21.) Further, Defendants attempted to terminate the ICAs and oral agreements unilaterally without arranging for the return of the trucks or an accounting for their usage of the trucks. (*Id.* ¶ 22.)

Plaintiffs, proceeding *pro se*, now claim that Defendants asserted unauthorized control over Plaintiffs' trucks by refusing to return them or provide any accounting as to their use of the vehicles. In their Amended Complaint, Plaintiffs assert claims for breach of contract (Counts I

and IV), conversion (Count II), civil theft (Count III), unjust enrichment (Count V), and negligent bailment (Count VI).[1] Defendants have moved to dismiss the Amended Complaint in its entirety.

**DISCUSSION**

To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Where, as here, the plaintiffs are proceeding *pro se*, the Court construes the complaint more liberally than it would construe a complaint prepared by a lawyer. *Donald v. Cook Cnty. Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally . . . .").

**I. Breach of Contract**

In Counts I and IV, Plaintiffs allege that Defendants breached the ICAs and oral agreements under which Plaintiffs agreed to provide commercial trucks to Defendants. To state a breach of contract claim under Illinois law, a plaintiff must allege: "(1) the existence of a valid

---

[1] The Court exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship of the parties. Plaintiffs are citizens of Florida, and all members of Modena Freight LLC are citizens of Illinois, as is Gak. (*See* Am. Compl. ¶ 6; Joint Status Report at 1, Dkt. No. 13.)

and enforceable contract; (2) substantial performance by the plaintiff; (3) breach by the defendant; and (4) resulting damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)). An oral agreement is enforceable in Illinois if there is an offer, an acceptance, and a meeting of the minds as to definite and certain terms. *Bruzas v. Richardson*, 945 N.E.2d 1208, 1215 (Ill. App. Ct. 2011).

Defendants contend that Plaintiffs' breach of contract claims fail because they are predicated on oral promises that are superseded by the written ICAs, each of which contains an integration clause providing that the written agreement controls and supersedes prior oral understandings. As an initial matter, the Court notes that the Amended Complaint alleges that both the ICAs and the oral agreements contain substantially the same terms. (*See* Am. Compl. ¶ 12.) As pleaded, the only significant difference among the various ICAs and oral agreements relate to the respective trucks that they govern. Thus, Defendants' argument as to how the oral agreements are inconsistent with the ICAs is difficult to understand. Moreover, the fact that there are written ICAs with integration clauses governing the parties' arrangements to five of the nine trucks does not, by itself, invalidate any ***subsequent*** oral agreements into which the parties entered with respect to four additional trucks. *See, e.g.*, *Tadros v. Kuzmak*, 660 N.E.2d 162, 170 (Ill. App. Ct. 1995) ("[T]he terms of a written contract can be modified by a subsequent oral agreement even though . . . the contract precludes oral modifications."). And even if the ICAs supersede the oral agreements, Defendants do not give any reason for why the breach of contract claims based on the written ICAs fail. For these reasons, the Court denies Defendants' motion to dismiss the breach of contract claim in Count I. As the breach of contract claim in Count IV appears to be entirely duplicative of Count I, however, the Court dismisses that claim. *E.g.*,

*Meadoworks, LLC v. Linear Mold & Eng'g, LLC*, No. 1:19-CV-7896, 2020 WL 4194211, at *2 (N.D. Ill. Sept. 8, 2020) ("Courts will find two claims duplicative only if they contain the same factual allegations and the same injury.").

**II. Conversion and Negligent Bailment**

Plaintiffs assert tort claims for conversion (Count II) and negligent bailment (Count VI), both arising from Defendants' alleged failure to return and safeguard Plaintiffs' trucks. Defendants argue that those claims are barred by the economic-loss doctrine, which limits tort recovery for purely economic losses stemming from contractual obligations. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 449 (Ill. 1982) (defining "economic loss" as damages for inadequate value, cost of repair or replacement, or loss of profits without personal injury or damage to other property). The economic-loss doctrine draws a boundary between tort and contract remedies, recognizing that contract law governs expectations about performance and product quality. *Anderson Elec. Inc. v. Ledbetter Erection Corp.*, 503 N.E.2d 246, 248–49 (Ill. 1986).

Of the limited exceptions to the doctrine, the only one that might plausibly apply to Plaintiffs' allegations is the independent-duty exception. That exception applies where "a plaintiff claims that a defendant breached an obligation other than a contractual obligation." *Toll Processing Servs., LLC v. Kastalon, Inc.*, 880 F.3d 820, 827 (7th Cir. 2018) (internal quotation marks omitted). However, Plaintiffs have not alleged any duty independent of the parties' agreements. To the contrary, the conversion claim rests on the alleged misuse of trucks that Plaintiffs delivered pursuant to the ICAs and oral agreements, and on Defendants' failure to return or account for those trucks. Such a claim of purely economic harm arising from a contractual relationship is not actionable in tort under Illinois law. *See Meadoworks, LLC v. Linear Mold & Eng'g, LLC*, No. 19-cv-7896, 2020 WL 5365977, at *2 (N.D. Ill. Sept. 8, 2020)

("Although a duty certainly exists not to take another's property, in this case, that duty is completely encompassed by the alleged contract for the sale of the same goods that Plaintiff's conversion claim is rooted in.").

Plaintiffs' negligent bailment claim similarly depends on allegations that Defendants failed to safeguard and return the trucks as agreed. (*See* Am. Compl. ¶¶ 59–60.) The alleged duty arises from the contract, not from any separate legal duty. In such cases, where the harm consists of disappointed commercial expectations, tort recovery is barred. *Wexler v. Chubb Nat'l Ins. Co.*, No. 21-cv-2543, 2025 WL 524145, at *5–6 (N.D. Ill. Feb. 18, 2025) ("[W]hen property damage is caused by disappointed commercial expectations—as is the case here—the economic loss rule bars recovery in tort." (quoting *In re Chi. Flood Litig.*, 680 N.E.2d 265, 276 (Ill. 1997))).

Since Plaintiffs have not identified any duty independent of the contract, the economic-loss doctrine precludes recovery in tort. Counts II and VI are therefore dismissed.

**III. Civil Theft**

In Count III, Plaintiffs assert a claim for civil theft based on an Illinois criminal theft statute, 720 ILCS 5/16-1. Defendants are correct that the claim must be dismissed because Illinois does not recognize a private right of action under its criminal theft statute. Indeed, Illinois courts have consistently held that the Illinois Criminal Code does not create either an express or implied civil right of action. *See O'Malley v. Adams*, 227 N.E.3d 800, 811–12 (Ill. App. Ct. 2023) (finding that the Criminal Code does not contain private causes of action and is not intended to provide civil remedies to individual victims). Given the lack of a private right of action, Plaintiffs cannot bring a civil claim under 720 ILCS 5/16-1. Consequently, Count III is dismissed with prejudice.

## IV. Unjust Enrichment

Count V asserts a claim for unjust enrichment. Defendants ask the Court to dismiss this claim on the ground that Plaintiffs have not properly pleaded it in the alternative. According to Defendants, Plaintiffs rely on the same allegations of an oral agreement to support both their contract and unjust enrichment claims.

"Because unjust enrichment is based on an implied contract, where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992) (internal quotation marks omitted). And while a plaintiff may plead unjust enrichment in the alternative to a breach of contract claim, that requires the plaintiff not to "include allegations of an express contract which governs the relationship of the parties in the count for unjust enrichment." *Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 324 (7th Cir. 2021). As Defendants point out, rather than alleging unjust enrichment in the event that the ICAs and oral agreements are found invalid or unenforceable, Plaintiffs incorporate the same allegations regarding the existence and terms of those contracts into their unjust enrichment claim. (Am. Compl. ¶ 53.) As pleaded, the unjust enrichment claim assumes the existence of binding contracts and seeks recovery for the same conduct governed by those contracts. For that reason, Plaintiffs have not properly pleaded unjust enrichment in the alternative and Count V is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. (Dkt. No. 1.) The motion is granted as to Counts II, III, IV, V, and VI. Those counts are dismissed, with Count III dismissed with prejudice. Plaintiffs may proceed with Count I.

ENTERED:

Dated: September 10, 2026

Andrea R. Wood
United States District Judge